DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: ZACHARY BANNON
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2728
E-mail: Zachary.Bannon@usdoj.gov

Hearing Date: November 18, 2021
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY WINICK,<br><br>　　　　　　　　　Debtor. | Chapter 7<br><br>Case No.: 20-11976 (SHL) |

## THE UNITED STATES OF AMERICA'S PARTIAL OBJECTION TO THE CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN WINICK REALTY GROUP LLC AND WTN REALTY CORP.

The United States of America, on behalf of the Internal Revenue Service ("IRS"), by its attorney Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this partial objection to the Chapter 7 trustee's (the "Trustee's") motion authorizing the sale of the estate's right, title, and interest in Winick Realty Group, LLC and WTN Realty Corp. (the "Winick Interests") to Louis Eisinger, Steven Baker, and Lee Block (together, the "Successful Bidder"). As set forth below, the United States does not object to sale of the Winick Interests to the Successful Bidder. However, the United States respectfully requests inclusion of an additional term in the sale order—requiring the Successful Bidder to provide the Trustee and the United States with notice if they alienate all or part of the Winick Interests within the next three years—to ensure that the estate realizes the full value generated by the sale of those interests.

## BACKGROUND

1. As discussed in the Trustee's motion, the Successful Bidder signed an agreement with the Trustee on September 28, 2021, in which the Trustee agreed to sell the Winick Interests to the Successful Bidder, subject to better and higher offers at auction, for $310,000.00. *See* Dkt. No. 75-2; Dkt. No. 75 ¶¶ 21-24.

2. On November 5, 2021—two business days before the auction was set to occur—counsel for the Successful Bidder informed the Trustee that Danielle Winick Lapidus, the daughter of Debtor Jeffrey Winick, and two other brokers from Winick Realty Group, LLC intended to join the Successful Bidder in their purchase transaction.

3. On November 8, 2021, counsel for the Successful Bidder informed the Trustee that the reason for the inclusion of these additional parties was to ensure that the Successful Bidder would have enough collective financial resources to purchase the Winick Interests should active bidding at auction significantly exceed their $310,000 opening bid.

4. Later that day, the United States of America submitted a letter to the Court expressing concern about the Successful Bidder's status as a good-faith purchaser of the Winick Interests in light of the additional parties' last-minute inclusion in the Successful Bidder's group. Dkt. No. 80.

5. An auction was held for the Winick Interests on November 9, 2021. The estate did not receive any competing bids at the auction. Dkt. No. 81.

6. On November 10, 2021, the Trustee filed a notice of selection of successful bidder noting that he "has determined that the bid of the [Successful] Bidder was the highest and best offer" and that he was therefore seeking approval of the sale of the Winick Interests to them. *Id.*

7. However, although bidding at auction did not drive the purchase price of the Winick Interests above $310,000, counsel for the Successful Bidder has indicated that those bidders may still intend to re-sell portions of the Winick Interests after the sale has been approved.

**ARGUMENT**

8. The Bankruptcy Code requires the Trustee to establish that the purchaser of an asset of the estate is a good-faith purchaser to receive court approval of the sale. *See* 11 U.S.C. § 363(m); *see also In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) ("Bankruptcy courts routinely make a finding of good faith at the time of the § 363 sale approval."); *see also In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-50 (3d Cir. 1986) ("In short, we hold that when a bankruptcy court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser.").

9. The "[g]ood faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made." *In re Gucci*, 126 F.3d at 390. "A purchaser's good faith is lost by . . . 'collusion between the purchaser and other bidders.'" *Id.* (quoting *In re Rock Industries Machinery Corp.*, 572 F.2 1195, 1198 (7th Cir. 1978). The estate may seek to unwind a transaction or to recover damages and penalties if it is shown that a purchase was consummated as the result of collusive bidding. *See* 11 U.S.C. § 363(n).

10. However, the Bankruptcy Code does not prohibit "all agreements having the unintended consequence of influencing a sale price." *In re New York Trap Rock Corp.*, 42 F.3d 747, 752 (2d Cir. 1994). Instead, it "prohibit[s] only agreements that are intended to control a sale price." *Id.* In other words, "classic collusive bidding" involves agreements that allow bidders to

work together to lower a purchase price so that they can "share the profit that, but for their collusion, would have gone to" the estate. *Id.* at 753.

11. Without more information about the discussions the Successful Bidder had with Danielle Winick Lapidus and other Winick Realty Group, LLC brokers prior to the auction, it remains unclear whether the parties engaged in collusive bidding or reached an agreement to re-distribute the Winick Interests "for other, innocent reasons." *Id.*

12. Rather than engaging in discovery on that abstract question before the sale of the Winick Interests has been consummated and before any re-sale has been finalized, the United States believes that efficiency would be gained by authorizing the sale of the Winick Interests to the Successful Bidder subject to the following term:

> If all or part of the Winick Interests are transferred in the three years following the Successful Bidder's purchase of those interests, the seller will provide the Trustee and the United States with notice of the sale and the terms thereof. The Trustee and the United States reserve the right under 11 U.S.C. § 363(n) to seek recovery of any excess value generated for the Successful Bidder.

13. The value generated in any subsequent sale would provide an objective indicator regarding whether the sale was intended to allow the Successful Bidder and any other party to "share the profit that, but for their collusion, would have gone to" the estate, or whether a re-sale occurred "for other, innocent reasons." *In re New York Trap Rock Corp.*, 42 F.3d at 752, 753; *see also In re Turnbow*, 121 B.R. 11, 13 (Bankr. S.D. Tex. 1990) ("If sold fairly, the purchase price is the best evidence of the fair market value of the property.").

14. As such, in order to ensure that the estate is able to recover the full value generated by the sale of the Winick Interests, the United States respectfully requests that the term set forth above be included in the order authorizing the sale of the Winick Interests.

**CONCLUSION**

For the foregoing reasons, the United States of America, on behalf of the IRS, respectfully requests that the Court approve the sale of the Winick Interests to the Successful Bidder subject to the term set forth above in order to ensure that the estate receives all the value generated by its sale of the Winick Interests.

Dated: November 12, 2021
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: /s/ Zachary Bannon
ZACHARY BANNON
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2728
E-mail: Zachary.Bannon@usdoj.gov