**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                             :
                                                  :     Chapter 7
JEFFREY WINICK,                                   :
                                                  :     Case No. 20-11976 (SHL)
                            Debtor.               :
------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. 363(B), (F) and (M) AND FED. R. BANKR. P. 2002 AND 6004, (I) AUTHORIZING SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN WINICK REALTY GROUP LLC AND WTN REALTY CORP. TO OPENING BIDDER, SUBJECT TO HIGHER AND BETTER OFFERS; (II) APPROVING BIDDING PROCEDURES; (III) AUTHORIZING THE TRUSTEE TO CLOSE ON THE SALE TO THE OPENING BIDDER OR SUCCESSFUL BIDDER AT AUCTION; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Gregory M. Messer, as Chapter 7 trustee (the "Trustee") of the estate of Jeffrey Winick (the "Debtor"), seeking entry of an order, pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, (I) authorizing the Trustee to sell all of the right, title and interest of the Estate in Winick Realty and WTN Realty (the "Assets") to the Opening Bidder, free and clear of all liens, claims and encumbrances pursuant to the Sale Agreement attached to the Motion as Exhibit B, subject to higher and better offers; (II) approving the Bidding Procedures attached to the Motion as Exhibit C; (III) authorizing the Trustee to close on the sale of the Assets to the Opening Bidder or the Successful Bidder at Auction pursuant to the terms of the Sale Agreement; and (IV) granting related relief [Dkt. No. 75]; and any objections to the relief sought in the Motion having been withdrawn or overruled on the merits; and no higher and better offers having been received in accordance with the Motion and Bidding Procedures; and the Notice of Selection of Successful Bidder having been filed with the Court on November 10, 2021 [Dkt. No. 81]; and due and

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion.

appropriate notice of the Motion, Bidding Procedures, Auction, selection of the Successful Bidder, and proposed sale to the Successful Bidder having been given, and no additional notice being required; and upon the arguments of counsel made, and evidence adduced, on the record of the hearings held on the Motion, including on September 13, 2021, November 18, 2021 and December 2, 2021, and the record of all proceedings heretofore held in the Debtor's case; and good and sufficient cause having been shown therefor; it is hereby

**FOUND AND DETERMINED THAT**:

A. Proper, timely, adequate and sufficient notice of the Motion, Bidding Procedures, Auction, selection of the Successful Bidder and proposed sale to the Successful Bidder, and a reasonable opportunity to object or be heard with respect thereto and to the relief sought in the Motion, have been provided to all known creditors and parties in interest in the Debtor's bankruptcy case, including (i) the Office of the United States Trustee, (ii) holders of liens and/or their counsel of record, including the IRS, (iii) all creditors and parties in interest in the Debtor's case, (iv) all parties having filed a notice of appearance and request for service of papers in the Debtor's case, and (v) any other parties required to receive notice pursuant to Bankruptcy Rule 2002.

B. The procedures set forth in the Motion and Bidding Procedures for submission of higher and better offers for the Assets are fair and appropriate and designed to result in the highest and best offer for the Assets, and the Trustee and Auctioneer conducted a robust and open marketing and sale process.

C. The highest and best offer received for the Assets was the offer of the Successful Bidder in the amount of $310,000.00.

D.      The sale of the Assets pursuant to this Order and the Sale Agreement to the Successful Bidder (the "<u>Sale</u>") is a legal, valid and effective Sale and shall vest the Successful Bidder with all of the Estate's right, title and interest in and to the Assets, free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of sale with the same priority, validity, force and effect with which they attached to such property immediately before the sale.

E.      The Trustee has demonstrated a good, sufficient and sound business purpose and justification for the Sale because, among other things, the Trustee and his advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Assets and determined that (i) the transfer to the Successful Purchaser of the Assets pursuant to the Sale Agreement, and (ii) the consideration to be paid thereunder is fair and reasonable and constitutes the highest and otherwise best value obtainable for the Assets.

F.      The Successful Bidder is a good faith purchaser and is entitled to all the protections of a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

G.      The consideration being paid by the Successful Bidder to acquire the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the laws of the State of New York and under the laws of the United States, any state, territory or possession thereof, or the District of Columbia.

H.      Entry of this Order is in the best interests of the Debtor, the Trustee, creditors and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Any and all objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

2.      The Motion is granted pursuant to the terms hereof. The terms and conditions of the Sale are hereby approved in all respects pursuant to sections 105(a) and 363 of the Bankruptcy Code.

3.      The Trustee is hereby authorized and empowered to enter into and perform under the Sale Agreement, sell, transfer, convey and assign all of the Estate's right, title and interest in the Assets to the Successful Bidder, deliver the Assets and bill of sale therefor to the Successful Bidder, and receive the purchase price on behalf of the Debtor's Estate, all in accordance with the terms of the Sale Agreement, and the Trustee, the Debtor and the Successful Bidder are hereby authorized and empowered to take any and all actions and deliver any and all documents necessary or desirable in connection with the foregoing.

4.      The Assets shall be transferred to the Successful Bidder free and clear of all liens, claims and encumbrances, and all persons and entities, including, but not limited to, creditors, governmental, tax, and regulatory authorities, and secured lenders, holding any and all claims in, on or against the Assets, or any portion thereof (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent), or arising under, in connection with, or in any way relating to the Assets prior to the Sale, hereby are forever barred, estopped and permanently enjoined from asserting against the Trustee or the Successful Bidder or his property such persons' or entities' claims in and on the Assets, with all such claims to attach to the proceeds of sale with the same force and effect they had against the Assets.

5.      Each creditor having a lien or claim in, on or against the Assets is authorized and directed to promptly execute and deliver such documents and take all other actions as may be

necessary or reasonably requested by the Trustee or Successful Bidder to evidence the release of its liens, claims or interests in and on the Assets.

6. In the event the Assets purchased pursuant to the Sale are transferred during the 18-month period following closing on the Successful Bidder's purchase of those Assets, then in each such event the seller of such Assets shall e-mail, within 30 days of such transaction, a notice to the Trustee's counsel (with a copy to the IRS's counsel) of the transaction terms. The Trustee reserves his rights under section 363(n) of the Bankruptcy Code.

7. The Successful Bidder is a good faith purchaser and is entitled to all the protections of a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

8. This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Sale Agreement and to adjudicate, if necessary, any and all disputes concerning or relating to the transactions contemplated hereby and thereby.

Dated: New York, New York
December 9, 2021

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE