**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                               :
                                                    :      Chapter 7
JEFFREY WINICK,                                     :
                                                    :      Case No. 20-11976 (SHL)
                           Debtor.                  :
------------------------------------------------------------x

**ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO EXAMINE DAVID BERLEY, SDSDR111 LLC, SDS INVESTMENTS, LLC, SDS INVESTMENTS II LLC, DONAJEM HOLDINGS, LLC, VICTOR A. DUVA, S. LAWRENCE DAVIS, RICARDO BEAUSOLEIL, AND JOSEPH K. WINRICH IN CONNECTION WITH THE DEBTOR'S TRANSFER OF AN INTEREST IN SDSDR111 LLC**

Upon the application (the "Application") of Gregory M. Messer, Chapter 7 trustee (the "Trustee") of the estate of Jeffrey Winick, the above-captioned debtor (the "Debtor"), for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing him, as well as the Internal Revenue Service (the "IRS"), if it chooses to participate, to examine David Berley ("Berley"), SDSDR111 LLC ("SDSDR"), SDS Investments, LLC ("SDS"), SDS Investments II LLC ("SDS II"), Donajem Holdings, LLC ("Donajem"), Victor A. Duva ("Duva"), S. Lawrence Davis ("Davis"), Ricardo Beausoleil ("Beausoleil") and Joseph K. Winrich ("Winrich") (each an "Examinee," collectively, the "Examinees") in connection with the Debtor's ownership and transfer of an interest in SDSDR, as well as approving the Remote Deposition Procedures[1]; and the submission of the Application upon the notice set forth in the Application being proper and authorized under the Court's rules and procedures; and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

---
[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

**ORDERED**, that pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, the Trustee, and the IRS, shall be, and hereby are, authorized to serve subpoena(s) *duces tecum* (each, a "Subpoena") upon each of the Examinees; and it is further

**ORDERED**, that each Examinee is directed to either timely comply with the terms of this Order and any Subpoena issued to them or make an appropriate motion for a protective order or to quash any Subpoena; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents and things on less than twenty-one (21) days' notice; and it is further

**ORDERED**, that for the reasons outlined in the Application, including the current and ongoing health crisis, the Remote Deposition Procedures are hereby approved, and the Trustee is authorized to implement the same in connection with any Remote Deposition; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any disputes that arise with respect to this Order, the Remote Deposition Procedures, or any Subpoena issued hereunder, unless this Court lacks jurisdiction over the witness because the Subpoena is issued from a Court other than this one.

Dated:   New York, New York
         January 24, 2022

         */s/ Sean H. Lane*
         HONORABLE SEAN H. LANE
         UNITED STATES BANKRUPTCY JUDGE