UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                             :
                                                  :           Chapter 7
JEFFREY WINICK,                                   :
                                                  :           Case No. 20-11976 (PB)
                          Debtor.                 :
---------------------------------------------------------------x

### SECOND STIPULATION AND ORDER EXTENDING TRUSTEE'S TIME TO ASSERT CERTAIN CLAIMS AND CAUSES OF ACTION

This stipulation (the "Stipulation") is made and entered into by and between Gregory M. Messer, as Chapter 7 Trustee (the "Trustee") of the estate of Jeffrey Winick (the "Debtor"), the above-captioned debtor, and David Berley ("Berley" and, together with the Trustee, the "Parties" or each a "Party"), as follows:

### RECITALS

A.    On August 27, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.    On August 27, 2020, Gregory Messer was appointed as the Chapter 7 Trustee, has duly qualified and is the permanent Chapter 7 Trustee of the Debtor's estate.

C.    The Trustee is investigating whether certain claims, including but not limited to claims and causes of action under Chapter 5 of the Bankruptcy Code and applicable state laws, (collectively, the "Potential Claims") may exist against Berley.

D.    The deadline under Section 546(a) of the Bankruptcy Code by which the Trustee must assert the Potential Claims was August 27, 2022 (the "Deadline").

E.	On January 24, 2022, the Bankruptcy Court entered an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee to examine Berley, among others, in connection with the Debtor's transfer of his membership interest in SDSDR111 LLC prior to the Petition Date.

F.	The Parties, together with counsel to the United States Internal Revenue Service, conferred and agreed to voluntarily extend the Deadline to permit a deposition of Berley to occur within the statute of limitations to assert the Potential Claims and, if possible, to seek to consensually resolve and avoid litigation of the Potential Claims.

G.	The Parties therefore entered into that certain Stipulation and Order Extending Trustee's Time to Assert Certain Claims and Causes of Action extending the Deadline from August 27, 2022 through and including October 31, 2022 [Dkt. No. 102] (the "First Stipulation").

H.	The Parties have now agreed to further extend the Deadline through and including December 19, 2022.

## AGREEMENT

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.	Recitals.  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.	Tolling.  The Deadline for the Trustee to assert the Potential Claims is hereby extended through and including December 19, 2022 (the "Tolling Period").

2

3.     <u>Defenses Limitation</u>.  Any and all applicable statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised upon delay in filing, notifying or in taking any action (collectively, "<u>Limitations Defenses</u>") to prosecute the Potential Claims, and any defense and/or counterclaims of the Trustee specifically related to these time-related deadlines (collectively, the "<u>Defenses</u>"), which were suspended by section 2 of this Stipulation, shall not be used in calculating any Limitations Defenses applicable to the Potential Claims and the Defenses and shall begin to run at the end of the Tolling Period until completed.  For clarity, nothing contained in this Stipulation shall extend any statute of limitation or other time–based defense that expired prior to the execution of the First Stipulation.

4.     <u>Preservation of Rights</u>.  Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the Parties hereto shall in no way be affected by this Stipulation and such rights, obligations, positions, claims and defenses are specifically reserved.  The execution of this Stipulation, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall this Stipulation be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof.  No independent claim or cause of action shall be created by this Stipulation; <u>provided</u>, <u>however</u>, that nothing contained in this Stipulation, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any Party to this Stipulation to seek to enforce this Stipulation.

5.     <u>Entire Agreement/No Oral Modification</u>. The Parties represent that this Stipulation constitutes the entire agreement among the Parties in connection with the extension of the Deadline with respect to the Potential Claims and that this Stipulation may not be modified

in any way, except in writing, signed by the party against which such modification is sought to be enforced.

6. <u>Execution of Counterparts</u>.  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered via e-mail or telecopier transmission shall be deemed an original signature hereto.

7. <u>Bankruptcy Court Jurisdiction/Choice of Law</u>.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the laws of the State of New York.

8. <u>No Waiver.</u>  No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

9. <u>Severability.</u>  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. <u>Representations of Authority.</u>  Each person signing below represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs.  The undersigned counsel represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

11. <u>Costs.</u>  Each party to this Stipulation shall bear its own attorneys' fees and costs.

| | |
|---|---|
| Dated: New York, New York<br>September 16, 2022 | Dated: New York, New York<br>September 16, 2022 |
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** | **CULLEN AND DYKMAN LLP** |
| By: */s/ Stephanie R. Sweeney*<br>Fred Stevens<br>Stephanie R. Sweeney<br>200 West 41st Street, 17th Floor<br>New York, New York 10036-7203<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br>Email: fstevens@klestadt.com<br>        ssweeney@klestadt.com<br><br>*Counsel to Gregory Messer, Chapter 7 Trustee of the Estate of Jeffrey Winick* | By: */s/ Matthew G. Roseman*<br>Matthew G. Roseman<br>100 Quentin Roosevelt Boulevard<br>Garden City, New York 11530<br>Tel: (516) 296-9106<br>Fax: (516) 357-3792<br><br>Email: mroseman@cullenllp.com<br><br>*Counsel to David Berley* |

**IT IS SO ORDERED:** September 21, 2022


<u>/s/ Philip Bentley</u>
**THE HONORABLE PHILIP BENTLEY**
**UNITED STATES BANKRUPTCY JUDGE**